COPY

1   **THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
2   355 South Grand Avenue, 25th Floor
Los Angeles, C 90071
3   Telephone: (213) 785-2610
Fax: (212) 226-46864
4   Email: lrosen@rosenlegal.com

5   Counsel for Plaintiff

6              UNITED STATES DISTRICT COURT
7             CENTRAL DISTRICT OF CALIFORNIA

CV14-03381 - PA (VBK)

8   ASHISH ANAND, INDIVIDUALLY   Case No.:
AND ON BEHALF OF ALL OTHERS
9   SIMILARLY SITUATED,          CLASS ACTION COMPLAINT

10         Plaintiff,

11         vs.              **JURY TRIAL DEMANDED**

12   LIHUA INTERNATIONAL INC.,
JIANHUA ZHU, AND DAPHNE YAN
13   HUANG,

14         Defendants.

15

16       Plaintiff Ashish Anand, individually and on behalf of all other persons

17   similarly situated, by his undersigned attorneys, for his complaint against

18   Defendants, alleges the following based upon personal knowledge as to himself and
19

20   his own acts, and information and belief as to all other matters, based upon, *inter*

21   *alia*, the investigation conducted by and through his attorneys, which included,

22   among other things, a review of the Defendants' public documents, United States
23

24   Securities and Exchange Commission ("SEC") filings, media and news reports, and

25   information readily obtainable on the Internet.  Plaintiff believes that substantial

26   evidentiary support will exist for the allegations set forth herein after a reasonable
27

28   opportunity for discovery.

Class Action Complaint for Violation of the Federal Securities Laws

## NATURE OF THE ACTION

1.    This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased the common stock of Lihua International, Inc. ("Lihua" or the "Company") between August 9, 2012 and April 30, 2014 (the "Class Period"), inclusive, seeking to recover damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.    The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j (b) and 78t (a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3.    This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4.    Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b).

5.    In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

Class Action Complaint for Violation of the Federal Securities Laws

6.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Lihua common stock at artificially inflated prices during the Class Period and has been damaged thereby.

7.     Defendant Lihua International Inc. is a Delaware corporation that purports to manufacture, market, and distribute refined copper products through its wholly-owned subsidiaries Danyang Lihua Electron Co., Ltd., ("Lihua Electron") and Jiangsu Lihua Copper Industry Co., Ltd. ("Lihua Copper"). During the Class Period the Company's stock was traded on the NASDAQ Stock Market under the symbol "LIWA."

8.     Throughout the Class Period the company was headquartered in Jiangsu Province of the People's Republic of China ("PRC").

9.     Defendant Jianhua Zhu ("Zhu") was, at all relevant times, the President, Chief Executive Officer, and Chairman of the Board of Directors of Lihua.

10.     Defendant Daphne Yan Huang ("Huang") was, at all relevant times, the Chief Financial Officer and Treasurer of Lihua.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

11.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of Lihua during the Class Period and who were damaged thereby.     Excluded from the Class are Defendants, the officers and

directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

12.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Lihua's common stock was actively traded on NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by Lihua or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

13.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

14.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

15.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)  whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)  whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business and operations of Lihua;

(c) whether the Defendants made the false and misleading statements with scienter; and

(c)  to what extent the members of the Class have sustained damages, and the proper measure of damages.

16.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

17.    On August 9, 2012, Lihua filed its Form 10-Q for the quarter ended June 30, 2012 ("2012 Second Quarter 10-Q") with the SEC.  This Form 10-Q and the accompanying Sarbanes-Oxley Certification were signed by Defendants Zhu and Huang.

18.     The 2012 Second Quarter 10-Q reported, for the three-month period ended June 30, 2012, revenues totaling $191 million and a net income of $13 million.

19.     On March 18, 2013, Lihua filed its Form 10-K Annual Report for the fiscal year ended December 31, 2012 ("2012 10-K") with the SEC. This Form 10-K was signed by Defendants Zhu and Huang, as well as several directors of Lihua.

20.     Zhu and Huang also signed the Sarbanes-Oxley certifications accompanying the 2012 10-K.

21.     The 2012 10-K portrayed Lihua as a growing and profitable company. Lihua reported $853 million in revenue and $57 million in net income for 2012 on the 2012 10-K.

22.     The 2012 10-K also reported total assets of $293 million, and only $14 million in total liabilities.

23.     On March 17, 2014, Lihua filed its Form 10-K Annual Report for the fiscal year ended December 31, 2013 ("2013 10-K") with the SEC. This Form 10-K was signed by Defendants Zhu and Huang, as well as several directors of Lihua.

24.     Zhu and Huang also signed the Sarbanes-Oxley certifications accompanying the 2013 10-K.

25.     The 2013 10-K continued to portray Lihua as a thriving company. Lihua reported $900 million in revenue and $56 million in net income for 2013 on the 2013 10-K.

26.     The 2013 10-K also reported total assets of $365 million, and only $19 million in total liabilities.

27.     These rosy figures were false and misleading, and masked serious and deteriorating conditions at Lihua.

### The Begins to Emerge

28.     On March 28, 2014, People's Daily, the official newspaper of the government of China, published a report exposing Lihua's troubles (the "People's Daily Report").

29.     The People's Daily Report revealed that Lihua's business took a drastic turn for the worse starting from the end of 2012.

30.     The People's Daily Report stated that: (1) Lihua's cash flow is broken, and its warehouse has been seized and sealed by the local court; (2) Lihua's production activities substantially decreased in 2013, and have nearly ceased after the 2014 Spring Festival (January 31, 2014); (3) Zhu attempted to move Lihua's inventory in order to hide assets from creditors, and as a result, he is now being investigated by the local police for larceny.

31.     American investors were made aware of these problems for the first time on April 30, 2014, when GeoInvesting publicized the contents of the People's Daily Report.

32.     These adverse facts caused the value of Lihua's stock to drop by more than 50% on April 30, 2014, from $4.33 to $2.08 per share, before it was halted by NASDAQ.

**Applicability of Presumption of Reliance:**
**Fraud-on-the-Market Doctrine**

33.     At all relevant times, the market for Lihua common stock was an efficient  market for the following reasons, among others:

(a)     Lihua's stock was listed and actively traded on NASDAQ, a major, highly efficient, and automated market.

(b)     During the class period, on average, over hundreds of thousands of shares of Lihua stock were traded on a weekly basis, demonstrating a very active and broad market for Lihua and permitting a very strong presumption of an efficient market;

(c)     Lihua regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(d)     Lihua was followed by at least one securities analysts employed by a major brokerage firm who wrote reports that were distributed to the sales force and certain customers of his/her brokerage firm during the Class Period. Each of these reports was publicly available and entered the public marketplace;

(e)    Unexpected material news about Lihua was rapidly reflected and incorporated into the Company's stock price during the Class Period.

34.    As a result of the foregoing, the market for Lihua's common stock promptly digested current information regarding Lihua from all publicly available sources and reflected such information in Lihua's stock price.   Under these circumstances, all purchasers of Lihua's common stock during the Class Period suffered similar injury through their purchase of Lihua's common stock at artificially inflated prices, and a presumption of reliance applies.

## ECONOMIC LOSS/LOSS CAUSATION

35.    The market for Lihua's common stock was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, Lihua's securities traded at artificially inflated prices during the Class Period.  Plaintiffs and other members of the Class purchased or otherwise acquired Lihua's common stock relying upon the integrity of the market price of Lihua's securities and market information relating to Lihua, and have been damaged thereby.

36.    During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Lihua's common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to

disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

37.    At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiffs and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false or misleading statements about Lihua's business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Lihua and its business, prospects and operations, thus causing the Company's common stock to  be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiffs and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

**FIRST CLAIM**
**Violation of Section 10(b) of**
**The Exchange Act and Rule 10b-5**
**Promulgated Thereunder Against All Defendants**

38.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.    During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1)

deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase Lihua's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, each of the Defendants took the actions set forth herein.

40.    Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Lihua's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

41.    Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Lihua as specified herein.

42.    These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in

acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Lihua's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Lihua and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Lihua's securities during the Class Period.

43. Zhu's and Huang's primary liability, and controlling person liability, arises from the following facts: (1) Zhu and Huang were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) Zhu and Huang, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) Zhu an Huang enjoyed significant personal contact and familiarity with the other Defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) Zhu and Huang were aware of the Company's

dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

44. Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Lihua's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and misstatements of the Company's financial condition throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

45. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Lihua's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of Lihua's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that

was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Lihua's securities during the Class Period at artificially high prices and were or will be damaged thereby.

46.    At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding Lihua's financial results, which was not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Lihua's securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

47.    By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

48.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

49.    This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

1
2

**SECOND CLAIM**
**Violation of Section 20(a) of**
**The Exchange Act Against Zhu and Huang**

3

50.   Plaintiff repeats and realleges each and every allegation contained

4
5

above as if fully set forth herein.

6

51.   Zhu and Huang acted as controlling persons of Lihua within the

7

meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their

8
9

high-level positions, agency, ownership and contractual rights, and participation in

10

and/or awareness of the Company's operations and/or intimate knowledge of the

11

false financial statements filed by the Company with the SEC and disseminated to

12
13

the investing public, Zhu and Huang had the power to influence and control, and

14

did influence and control, directly or indirectly, the decision-making of the

15

Company, including the content and dissemination of the various statements that

16
17

Plaintiff contends are false and misleading.  Zhu and Huang were provided with or

18

had unlimited access to copies of the Company's reports, press releases, public

19
20

filings and other statements alleged by Plaintiff to have been misleading prior to

21

and/or shortly after these statements were issued and had the ability to prevent the

22

issuance of the statements or to cause the statements to be corrected.

23

52.   In particular, Zhu and Huang had direct and supervisory involvement

24
25

in the day-to-day operations of the Company and, therefore, are presumed to have

26

had the power to control or influence the particular transactions giving rise to the

27

securities violations as alleged herein, and exercised the same.

28

53.   As set forth above, Lihua, Zhu, and Huang each violated Section 10(b), and Rule 10b-5 promulgated thereunder, by their acts and omissions as alleged in this Complaint.

54.   By virtue of their positions as controlling persons, Zhu and Huang are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

55.   This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)   Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(b)   Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: May 1, 2014                    Respectfully submitted,

                                      **THE ROSEN LAW FIRM, P.A.**

                                      _____
                                      Laurence M. Rosen, Esq. (SBN 219683)
                                      355 South Grand Avenue, Suite 2450
                                      Los Angeles, CA 90071
                                      Telephone: (213) 785-2610
                                      Facsimile: (213) 226-4684
                                      Email: lrosen@rosenlegal.com

                                      Counsel for Plaintiff

Class Action Complaint for Violation of the Federal Securities Laws



## Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against Lihua International, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Lihua International, Inc.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

First name:        Ashish
Middle initial:
Last name:        Anand
Address:
City:
State:
Zip:
Country:
Facsimile:
Phone:
Email:




Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 07/19/2013 | 200 | 5.11 |

7. I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:        YES

**Certification for Ashish Anand (cont.)**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.          YES

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic
Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 05/01/2014

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Ashish Anand, Individually and On Behalf of all others Similarly Situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

LIHUA INTERNATIONAL INC., JIANHUA ZHU, and DAPHNE YANG HUANG

**(b) County of Residence of First Listed Plaintiff**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Laurence M. Rosen, Esq. (SBN 219683),
The Rosen Law Firm, P.A. 355 South Grand Avenue, Suite 2450 Los Angeles CA 90071
213-785-2610

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Class Action for Violations of the Federal Securities Laws, 15 U.S.C. 78j(b) and 78t(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☒ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

CV14-03381

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN C.A.C.D. IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party: | | INITIAL DIVISION IN C.A.C.D. IS: |
|---|---|---|---|
| | A. PLAINTIFF in the case is located in the county in which a majority of the PLAINTIFFS reside: | A. DEFENDANT in the case is located in the county in which a majority of the DEFENDANTS reside: | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | Los Angeles County | Ventura, Santa Barbara, or San Luis Obispo Counties | Orange County | Riverside or San Bernardino Counties | Outside the Central District of California | Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| C.1. Is either of the following true? If so, check the one that applies:<br><br>☐ 2 or more answers in Column C<br><br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | C.2. Is either of the following true? If so, check the one that applies:<br><br>☐ 2 or more answers in Column D<br><br>☐ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |
|---|---|
| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. | |

| Question D: Initial Division? | INITIAL DIVISION IN C.A.C.D. |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   _(signature)_   DATE: 5/1/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |