Sharon Ben-Shahar - State Bar No. 212862
   sbs@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Lihua
International, Inc. and Daphne Yan Huang

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ASHISH ANAND, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LIHUA INTERNATIONAL, INC., JIANHUA ZHU, and DAPHNE YAN HUANG,<br><br>                    Defendants. | CASE NO. 14-CV-03381-PA (VBK)<br><br>**STIPULATION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404**<br><br>Assigned to Hon. Percy Anderson |

        Plaintiff and Defendants Lihua International, Inc. ("Lihua"), and Daphne Yan Huang (collectively, "Defendants"), through their undersigned counsel, stipulate as follows:

        WHEREAS:

        1.      On May 1, 2014, plaintiff Ashish Anand filed a proposed securities class action in this Court against Lihua, Ms. Huang, and Mr. Zhu, with a purported a class period of August 9, 2012 to April 30, 2014, Case No. 14-cv-03381-PA-VBK ("*Anand* Action").

        2.      On May 7, 2014, plaintiff Jeffrey Grodko filed a proposed securities class action in this Court against Lihua, Ms. Huang, and Jianhua Zhu (who has not been served and is not represented in this action) with a purported class period of

3102037.1

1   August 9, 2012 to April 30, 2014, Case No. 14-cv-03503-PA-VBK ("*Grodko*

2   *Action*").

3       3.      The *Grodko* and *Anand* Actions (collectively, the "Actions") contain

4   common allegations and assert the same theory of securities fraud.  Specifically,

5   both actions allege that defendants made false or misleading statements regarding

6   Lihua during the period of August 9, 2012 to April 30, 2014, which allegedly

7   artificially inflated the price of Lihua's common stock and caused damages to

8   purchasers of that stock when the price of the stock dropped.

9       4.      Defendants contend that the facts supporting transfer include the

10  following:

11          a.      Defendants maintain connections to New York City.  Ms. Huang,

12  who is Lihua's Chief Financial Officer and its only U.S.-based employee, resides

13  and works in New York.  One of Lihua's outside directors resides in Maine and

14  travels to New York City often.  Another outside director resides in China, but

15  works for a company that is based in New York City and travels there.  Ms. Huang

16  and outside directors meet in New York City from time to time.

17          b.      Defendants have no connections to California.

18          c.      The jurisdictional nexus between the alleged wrongdoing and the

19  United States is that Lihua's stock was traded on the NASDAQ stock exchange in

20  New York City.

21          d.      Documents relevant to this action are likely to be located in New

22  York City.  In addition, Ms. Huang and Lihua's directors, who may be witnesses in

23  this case, have connections to New York City and the surrounding areas.

24      5.      There is a related derivative action pending in the United States District

25  Court for the Southern District of New York, captioned *Sreenam Arshanapally,*

26  *Derivatively and on Behalf of Lihua International, Inc. v. Jianhua Zhu et al.*, No.

27  1:14-cv-03543-RA (S.D.N.Y. filed May 16, 2014) ("Derivative Complaint").  The

28  Derivative Complaint names the same parties who are defendants in this action:

1  Lihua, Ms. Huang, and Mr. Zhu, and also names as defendants former Lihua Chief
2  Operating Officer Yaying Wang, and two outside directors of Lihua.  Like the
3  *Grodko* and *Anand* Actions, the Derivative Complaint alleges, among other things,
4  that defendants made false or misleading statements regarding Lihua during the
5  period of August 9, 2012 to April 30, 2014.

6        6.    The *Grodko* and *Anand* Actions have not yet been consolidated, nor has
7  a lead plaintiff been appointed pursuant to the Private Securities Litigation Reform
8  Act.  *See* 15 U.S.C. § 78-4(a)(3).

9        7.    Plaintiffs and defendants in both the *Grodko* and the *Anand* Actions
10  have agreed to transfer the Actions to the United States District Court for the
11  Southern District of New York under 28 U.S.C. § 1404(a), subject to approval by
12  the Court, and request that the Court order that all future actions related to the
13  Actions also be transferred to the Southern District of New York.

14        8.    Plaintiffs and defendants in both the *Grodko* and the *Anand* Actions
15  have agreed to transfer the Actions to the United States District Court for the
16  Southern District of New York under 28 U.S.C. § 1404(a), subject to approval by
17  the Court, and request that the Court order that all future actions related to the
18  Actions also be transferred to the Southern District of New York.

19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1    WHEREFORE, Plaintiffs in the *Grodko* and the *Anand* Actions, and

2    defendants Lihua and Ms. Huang, stipulate and agree through their undersigned

3    counsel that the *Grodko* and the *Anand* Actions, and all future related actions,

4    should be transferred to the United States District Court for the Southern District of

5    New York, pursuant to 28 U.S.C. § 1404(a), and request that the Court enter the

6    order submitted herewith.

7

8    DATED:  June 27, 2014                    Bird, Marella, Boxer, Wolpert, Nessim,
9                                             Drooks, Lincenberg & Rhow, P.C

10

11                                    By:  _____/s/ Sharon Ben-Shahar_____

12                                             Sharon Ben-Shahar
                                             *Attorney for Defendants Lihua*
13                                           *International, Inc. and Daphne Yan Huang*

     DATED:  June 27, 2014
14

15                                    By:  _____/s/Michael M. Goldberg_____

16                                             Michael M. Goldberg
                                             Robert V. Prongay
17                                           Lionel Z. Glancy
                                             Glancy Binkow and Goldberg LLP
18                                           *Attorneys for Plaintiff Jeffrey Grodko*

19   DATED:  June 27, 2014

20

21                                    By:  _____/s/Patrick V. Dalhstrom_____

22                                             Patrick V Dalhstrom
                                             Pomerantz LLP
23                                           *Attorney for Plaintiff Jeffrey Grodko*

24

25

26

27

28

1  DATED:  June 27, 2014

2                              By:    /s/ Phillip Kim

3                                     Laurence M. Rosen
                                       Phillip Kim
4                                     The Rosen Law Firm, P.A.
                                       *Attorneys for Plaintiff Ashish Anand*
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28